UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARTHUR J. TOEGEMANN,
Plaintiff,

v. CA 08-022 ML

GUIDANCE ASSOCIATED, INC.,
MELVYN JOHNSON, M.D.,
ROBERT JORDAN, A.C.S.W.,
UNITED STATES,
Defendants.

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is a petition to proceed without payment of any fees (Document ("Doc.") #2) ("Petition to Proceed without Payment of Fees" or "Petition") filed by Plaintiff Arthur J. Toegemann ("Plaintiff").[1] Because I conclude that the Petition should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

---

[1] 28 U.S.C. § 1915 provides in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

**Discussion**

Plaintiff alleges in his Complaint (Doc. #1) that in 1972 Guidance Associated, Inc. ("Guidance"), Melvyn Johnson, M.D. ("Dr. Johnson"), and Robert Jordan, A.C.S.W. ("Mr. Jordan"), (collectively the "non-federal Defendants") misrepresented to the United States Selective Service System ("Selective Service") that he was mentally ill. See Complaint, Counts 3, 5, 6. He further alleges that the Selective Service has refused to correct his classification.[2] See id., Count 2. Plaintiff also asserts that in 1970 Mr. Jordan misled him "regarding conscientious objector status with the U.S. Selective Service System ...," id., Count 4, ¶ 2, causing Plaintiff to suffer injury, see id.

These claims are identical or nearly identical to the claims which Plaintiff made in Arthur J. Toegemann v. Guidance Associated, Inc., et al., CA 94-0132 ML ("Toegemann I"). See Toegemann I, Memorandum and Order of 10/4/94 (Lisi, J.) at 2 (stating that "Toegemann claims that the defendants represented him as mentally ill ..."); id. at 3 (stating that Plaintiff "asks for a correction to his Selective Service and medical records"). The prior action, Toegemann I, was dismissed on October 4, 1994, by District (now Chief) Judge Mary M. Lisi. In a Memorandum and Order issued on that date, Judge Lisi dismissed Plaintiff's claim against the Selective Service because he had not filed an administrative claim with the Selective Service as required by 28 U.S.C. § 2675(a). Toegemann I, Memorandum and Order of 10/4/94 at 5. Judge Lisi also dismissed Plaintiff's claims against the

---

[2] It appears that the classification which Plaintiff is seeking to change is that of "conscientious objection." Complaint, Count 1 ¶ 7; see also id. ("The US Selective Service System's status of 'conscientious objection' is inadequate, causing me to suffer psychological injury, specifically, social withdrawal, disorientation, isolation, arrested development and defamation.").

non-federal Defendants pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the claims against them were state tort claims and the Court had dismissed the only federal claim in the action. See id. at 6.

Because Plaintiff's claims are essentially the same as the claims which he asserted in Toegemann I,[3] his Complaint fails to state a claim upon which relief can be granted. Accordingly, his Petition to Proceed without Payment of Fees should be denied, and the action should be dismissed pursuant to U.S.C. § 1915(e)(2).[4] I so recommend.

**Conclusion**

For the reasons stated above, I recommend that Plaintiff's Petition to Proceed without Payment of Fees be denied and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff's Complaint fails to state a claim upon which relief can be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk

---

[3] To the extent that any claim asserted in the present action against a non-federal Defendant may differ from the claims pled in Toegemann I, such claim would still be a state law tort and subject to being dismissed for lack of subject matter jurisdiction. See Complaint, Count 4 (alleging that in 1970 Mr. Jordan misled Plaintiff regarding conscientious objector status with the Selective Service).

[4] In relevant part, 28 U.S.C. § 1915(e) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) **fails to state a claim on which relief may be granted**; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

of the Court within ten (10)[5] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
February 6, 2008

[5] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).